

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

NO. 23-11203-H

STEVEN R. DEWITT,

Plaintiff – Appellant,

versus

CERESSA HANEY, et al.,

Defendants – Appellees.

On Appeal From the United States District Court
for the Northern District of Florida
Honorable Allen Windsdor, District Judge, Presiding
Case No. 4:21-cv-00340-AW-MAF

## BRIEF OF APPELLANT

Steven R. DeWitt
2315 Jackson Bluff Road
Apt. 427-E
Tallahassee, FL 32304
(850) 765-9204

ORAL ARGUMENT REQUESTED

## STATEMENT OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and the Eleventh Circuit Rule 26.1-1, the Plaintiff-Appellant Steven R. DeWitt states that he is not a publicly held corporation and has no parent corporations, affiliates, or subsidiaries with an interest in the outcome of this case. **Other** interested and known parties to the action are:

### DeWitt v. Haney, et al.   Docket No. 23-11203-H
## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

City of Tallahassee (Employer of Painter, Pretti, and Sexton)

Conner, Jessica C. (Attorney for Appellee Haney)[1]

DeWitt, Steven R. (Appellant)

Fitzpatrick, Martin (Magistrate Judge)

Flood, Alyssa (Attorney for Appellee Haney)

Flood, Joseph R. (Attorney for Appellee Haney)

Haney, Ceressa (Appellee)

Painter, Jennifer M. (Attorney for Appellees Pretti and Sexton)

Pretti, Melanie (Appellee)

Sexton, Trent (Appellee)

Windsor, Allen (District Judge)

---

[1] As of this date, Appellee Haney, through counsel, has yet to file a (CIP) or Corporate Disclosure Statement in this case.

C1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Steven R. DeWitt ("DeWitt") respectfully requests an opportunity to present oral argument pursuant to Fed. R. App. P. 34(a)(1) and 11th Cir. R. 28-1(c). Oral argument would be helpful to the Court in understanding the issues in this case, particularly the issue regarding the district court making legal norm both complicated and ineffective to DeWitt involving the ("clearly established") standard. Likewise, there is minimal case law involving the dismissal of DeWitt's § 1983 claims, and oral argument would assist this Court in properly addressing the issue

.

## TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT ........................... C1

STATEMENT REGARDING ORAL ARGUMENT ........................... i

TABLE OF CONTENTS ........................................ ii

TABLE OF AUTHORITIES ..................................... iv

JURISDICTIONAL STATEMENT ................................. 1

STATEMENT OF ISSUES ON APPEAL ............................ 1

STATEMENT OF THE CASE .................................... 1

   I.    IDENTITY OF PARTIES ................................ 1

   II.   RELEVANT COURSE OF PROCEEDINGS AND
       DISPOSITION BELOW ................................. 2

   III. STATEMENT OF FACTS ................................ 2

        A. July 21, 2021 Incident and Following
          Complaint ...................................... 3

        B. Motions to Dismiss and Subsequent
          Responses in Opposition ........................ 4

        C. The Report and Recommendation and
          Order Granting Motions to Dismiss .............. 5

MEMORANDUM OF LAW ........................................ 7

   I.    STANDARD OF REVIEW ................................ 7

       A. LEGAL STANDARD .................................. 7

SUMMARY OF ARGUMENT ..................................... 8

ii

ARGUMENT ...................................................... 11

    I.  THE DISTRICT COURT ERRED BY DISMISSING THE THIRD
        AMENDED COMPLAINT THEREFORE THE FINAL JUDGMENT
        SHOULD BE REVERSED AND REMANDED BECAUSE THE
        FACTUAL FINDINGS ON WHICH THE DISTRICT COURT
        BASED THAT DECISION ARE NOT SUPPORTED BY THE
        EVIDENCE IN THE RECORD OR APPLICABLE LAW ........... 11

        A. The district court erred when finding qualified
           immunity because the general activity of a
           First Amendment auditor is protected by the
           Constitution ...................................... 12

        B. The district court erred when finding qualified
           immunity because DeWitt's 'right' to photograph
           and video record probation officer Haney and
           any occupant in reasonableness of expectation
           of privacy inside the pretrial office is clearly
           established ........................................ 14

           1. The pretrial office in question is not
              a private entity ............................... 14

           2. Probation officer Haney is a public official
              and a law enforcement officer under federal
              and State statute ............................. 17

CONCLUSION .................................................... 18

CERTIFICATE OF SERVICE ........................................ 19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Blackston v. Alabama,
    30 F.3d 117, 120 (11th Cir. 1994 .................... 14, 16

Collier v. Turpin,
    177 F.3d 1184, 1193 (11th Cir. 1999) ............... 7, 17

Crocker v. Beatty,
    995 F.3d 1232, 1240 (11th Cir. 2021) ............. 5, 8, 17

Crotwell v. Hockman-Lewis Ltd.,
    734 F.2d 767 (11th Cir. 1984) ........................... 7

Cuyler v. Sullivan,
    446 U.S. 335, 341-42, 100 S. Ct. 1708, 1714-15
    (1980) .................................................. 7

D.C. v. Wesby,
    138 S. Ct. 577, 598 (2018) ............................. 7

Dunn v. City of Fort Valley,
    464 F. Supp. 3d 1347, 1365 (M.D. Ga. 2020) .......... 6, 17

Fordyce v. City of Seattle,
    55 F.3d 436, 439 (9th Cir. 1998) ...................... 14

Harlow v. Fitzgerald,
    457 U.S. 800, 818 (1982) ............................. 5, 7

Horton v. Zant,
    941 F.2d 1449, 1462 (11th Cir. 1991) ................ 7, 14

Lambert v. Polk County,
    723 F. Supp. 128, 133 (S.D. Iowa 1989) ............... 14

Nixon v. Warner Communications, Inc.,
    435 U.S. 589, 609, 98 S. Ct. 1306, 55 L.Ed.2d
    570 (1978) ........................................... 4, 12

iv

Peilage v. McConnell,
    516 F.3d 1282, 1284 (11th Cir. 2008) .................... 16

Smith v. City of Cumming,
    212 F.3d 1332, 1333 (11th Cir. 2000) .............. 4, 8, 17

Thompson v. City of Clio,
    765 F. Supp. 1066, 1070-71 (M.D. Ala.
    1991) .................................................. 14

Tinker v. Des Moines Independent Cumminity
School District,
    393 U.S. 503, 89 S. Ct. 733, 21 L.Ed.2d 731
    (1969) ............................................ 12, 13

Toole v. City of Atlanta,
    798 F. App'x 381, 387-88 (11th Cir. 2019) .......... 12, 13

United States v. Hastings,
    695 F.2d 1278, 1281 (11th Cir. 1983) ............... 4, 12

Vinyard v. Wilson,
    311 F.3d 1340, 1346 (11th Cir. 2002) ............... 4, 12

## Federal Statutes

28 U.S.C. § 1291 ............................................. 1

42 U.S.C. § 1983 ....................................... i, 1, 3

## State Statute

Fla. Stat. § 112.19 ........................................ 17

## Rules of Court

Fed. R. Civ. P. 12(b)(6) .............................. 4, 7, 16

Fed. R. Civ. P. 26.1 ....................................... C1

Fed. R. Civ. P. 26.1-1 ..................................... C1

Fed. R. Civ. P. 28-1(c) ..................................... i

Fed. R. Civ. P. 34(a)(1) .................................... i

**<u>Other Authorities</u>**

First Amendment ........................................ passim

## JURISDICTIONAL STATEMENT

This is an appeal from judgment order entered by the district court on March 31, 2023. (Judgment, Doc 72). This Court has proper jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because the district court's March 31, 2023 order is a final order resolving all claims between all parties. Id. DeWitt filed a timely notice of appeal on April 10, 2023. (Notice of Appeal, Doc 73).

## STATEMENT OF ISSUES ON APPEAL

1. Whether the district court erred when dismissing DeWitt's § 1983 claims in holding that Defendants-Appellees are entitled to qualified immunity.

2. Whether the district court erred by failing to make a finding of fact on DeWitt's § 1983 claim for declaratory relief in holding that the court lacked subject-matter jurisdiction for ruling.

## STATEMENT OF THE CASE

### I. IDENTITY OF PARTIES

Steven R. DeWitt, was the plaintiff below and is the moving appellant in this Court, and proceed this action pro se litigant . The appellees in this Court, and defendants below, are City of Tallahassee supervisor of the Intervention & Detention Alternatives Office ("Pretrial Office") and two Tallahassee law

1

enforcement officials sued in their individual capacities only: Ceressa Haney, Melanie Pretti, and Trent Sexton ("Haney, Pretti, and Sexton").

## II. RELEVANT COURSE OF PROCEEDINGS AND DISPOSITION BELOW [2]

This appeal arises from a lawsuit brought by DeWitt against Haney, Pretti, and Sexton in the United States District Court for the Northern District of Florida, Tallahassee Division, in August 2021. Doc 1.[3] DeWitt filed a third amended complaint on June 10, 2022. [App 45]. In August 2022, Haney, Pretti and Sexton moved to dismiss. [Apps 51 and 55]. On February 7, 2023, the district court issued a Report and Recommendation. [App 62]. Thereafter, the district court granted Haney, Pretti and Sexton's motions on March 31, 2023. [App 71]. On April 10, 2023, DeWitt, proceeding pro se, filed the instant appeal. [App 73].

## III. STATEMENT OF FACTS

---

[2] Following references to the Appendix shall be designated as "App" followed by the appropriate document number and when necessary the appropriate page number within the document as inserted in the Appendix. Document numbers are shown on the district court docket sheet. For example, App 1 at 1 indicates Appendix Number 1, Page 1 of Document.

[3] Two prior Reports and Recommendations, Docs 32 and 43, have been vacated. The first addressed all motions to dismiss, Docs 13 and 20, and recommended the motions be granted in part and denied in part. Doc 32. DeWitt then requested leave to file an amended complaint, Doc 33, and an Amended Report and Recommendation, Doc 43, was entered. Thereafter, DeWitt again filed a motion requesting leave to file a third amended complaint . Doc 44. The motion was granted, Doc 47, and the Amended Report and Recommendation was vacated.

**A.  July 21, 2021 Incident and Following Complaint**

DeWitt is a citizen journalist who, in July 2021, traveled to the pretrial office to speak with Virginia Jackson and to conduct a First Amendment audit. [App 45 at 5]. DeWitt, after being advised by supervisor Anthony Washington that he, DeWitt, had a right to record in the lobby area of the pretrial office, id. at 7, was prevented by Haney, Pretti, and Sexton from taking photographs and video recording of public officials in their course of duty, and from gathering information of public concern. Id. at 5-10; see also [Response in Opposition to Motion to Dismiss, App 58 at 3, **FIRST AMENDMENT AUDIT**].

Thereafter, DeWitt was unlawfully made to leave the pretrial office under threat of arrest because he was recording. Id. at 8, 9, and 10, App 45. DeWitt, proceeding pro se, and subsequently after the filing of his initial Complaint, filed a Third Amended Complaint in U.S. District Court for the Northern District of Florida, Tallahassee Division, pursuant to Titlt 42 U.S.C. § 1983 et seq, asserting First Amendment rights violation claims, all of which arise from his encounter with Haney, Pretti, and Sexton at the pretrial office on July 21, 2023. Id. at 11.

DeWitt seeks damages, a declaration that Haney, Pretti, and Sexton's actions were unconstitutional, and an order requiring them to "take a training course" on the Constitution. Id.

3

**B.  Motions to Dismiss and Subsequent Responses
in Opposition**

The district court entered an order holding that the Third
Amended Complaint is the operative pleading in the case. [App
47 at 7]; see [Haney's Response to Motion Requesting Leave to
Submit a Viable Third Amended Complaint, App 46 at 3-5]. Haney,
Pretti and Sexton moved to dismiss under Rule 12(b)(6), which
permit a motion to dismiss if a complaint fails to state a cause
of action, Rule 12(b)(6). [Apps 51 and 55].[4] DeWitt thereafter
filed a response in opposition to the motions to dismiss. [Apps
58 and 61].

In his Response Motions, DeWitt argues that Haney, Pretti,
and Sexton are not entitled to qualified immunity because their
alleged conduct violated his First Amendment right to record in
a public space. Id. In making the argument, DeWitt, during the
proceeding, relied on Smith v. City of Cumming, 212 F.3d 1332,
1333 (11th Cir. 2000); United States v. Hasting, 695 F.2d 1278-
1281 (11th Cir. 1983)(citing Nixon v. Warner Communications,
Inc., 435 U.S. 589, 609, 98 S. Ct. 1306 55 L.Ed.2d 509 (1978).
DeWitt also argues that qualified immunity does not protect
those officials whose conduct violate clearly established

---

**4** In their Motions to Dismiss, Haney, Pretti and Sexton
presented arguments ranging from (1) the Third Amended Complaint
is an impermissible shotgun pleading (2) DeWitt fails to plead a
civil rights violation (3) they are entitled to qualified
immunity (4) their actions did not violate the Constitution (5)
they did not violate clearly established Constitutional law and
(6) DeWitt's request for declaratory relief is improper. [App 51
at 4-13] and [App 55 at 6-19].

statutory or constitutional rights of which a resonable person
would have known. Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th
Cir. 2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**C.  The Report and Recommendation and Order
Granting Motions to Dismiss**

A Report and Recommendation was issued, concluding that the
Complaint stated a claim that Haney, Pretti, and Sexton violated
DeWitt's First Amendment right to record "matters of public
interest," but further concluded that Haney, Pretti, and Sexton
had qualified immunity. [App 62 at 9-24]. All parties objected.
[App 64, 65, and 68]. Haney, Pretti, and Sexton object only to
the conclusion that DeWitt's Complaint alleges a constitutional
violation. [App 64 and 65]. In his Objections to the Report and
Recommendation, DeWitt argues that qualified immunity does not
apply because Haney, Pretti, and Sexton acted beyond their
discretionary authority and because they violated clearly
established law, and that the magistrate judge entirely failed
to address his declaratory claim. [App 68 at 2-8]. DeWitt also
argues that the magistrate judge's proposed recommendation is
founded on manifest errors of fact, a misapplication of law,
and a fundamental misunderstanding of the circumstances
surrounding his claims. Id. at 1. Following this, dismissal was
granted. [App 71 at 7]. The district court concluded that Smith
was not sufficiently clear to place Haney, Pretti, and Sexton on
notice in light of Crocker v. Beatty, 995 F.3d 1232, 1240-41 (

5

11th Cir. 2021). Id. at 5-7. The district court acknowledges that DeWitt also relied on Dunn v. City of Fort Valley, 464 F. Supp. 3d 1347 (M.D. Ga. 2020), but held that Dunn is a district court case, and for that reason, it cannot clearly establish the law. Id. at n. 3.

# MEMORANDUM OF LAW

## I. STANDARD OF REVIEW

The issues raised on this appeal are essential and require independent reassessment of the proper application of federal constitutional precedent to the record facts relevant to the claims. Cuyler v. Sullivan, 446 U.S. 335, 341-42, 100 S. Ct. 1708, 1714-15 (1980). Mix questions of law and fact are viewed de novo, Horton v. Zant, 941 F.2d 1449, 1462 (11th Cir. 1991), as are questions of law, Collier v. Turpin, 177 F.3d 1184-1193 (11th Cir. 1999).

In addition, the 11th Circuit Court of Appeals review of a district court's ruling on a 12 (b)(6) motion to dismiss for lack of subject matter jurisdiction is de novo. Crotwell v. Hockman-Lewis Ltd., 743 F.2d 767, 769 (11th Cir. 1984). An order dismissing for lack of suject matter jurisdiction is not a judgment on the merits and is entered without prejudice. Id.

## A. LEGAL STANDARD

Governmental officials are protected from suit and liability by qualified immunity **unless** their alleged conduct: (1) violate a Constitutional or statutory right; and (2) the illegality of the alleged conduct was clearly established at the time. D.C. v. Wesby, 138 S. Ct. 577, 589 (2018); Vinyard, 311 F.3d at 1340. The phrase "clearly established" means the law was sufficiently clear that every reasonable official knew the act was unlawful. Id.

7

## SUMMARY OF ARGUMENT

This appeal comes before the Court on a matter that raises significant constitutional and public concern — whether individuals may photograph or video record public officials in their course of duty at a County pretrial office when opened to the public regardless of whether the recording is "-expressive" in nature.

As an initial matter, Circuit Judge Martin agrees with and substantiates DeWitt's claim that the scant discussion in Smith, 212 F.3d at 1332, 1333, does not preclude the right's applicability to a case, and specifically this case DeWitt argues . See also Crocker, 995 F.3d 1232, 1240-41. In dissent, Circuit Judge Martin stated:

> "In my view, Smith clearly establishes that Mr. Crocker had a right to photograph the accident scene and I would therefore reverse the grant of qualified immunity to Deputy Beatty on this claim." Judge Martin found that the lack of specific facts detailed in Smith "does not do away with the right Smith announced" and, "[to the contrary, the broad pronouncement in Smith underscores the right's general applicability." (pointing out a number of district court's have relied on Smith to hold "that the right to record police activity is clearly established").

Crocker, 995 F.3d at 1259 and 1260.

Indeed, Smith is dearth of detail about the contours of the particular right announced in it. This, of course, leaves open the issue in this Circuit. Nonetheless, the district court found

8

that Haney, Pretti, and Sexton violated DeWitt's First Amandment right to record "matters of public interest," see [App 71 at 2], which further militates in favor of the Court using this case as a vehicle to make clear - once and for all - that such rights exists in situations involving the recording of a probation officer who is a law enforcement officer by law in a non-private facility whose conduct contravene clearly established law.

Not only is the right to photograph and video record public officials (such as probation officers) and their activities in a public space an established First Amendment right (regardless of whether the activity may be deemed "intrusive" or "expressive"), but the right is essential to protect citizen-press, which plays an everincreasingly important role in the dissemination of information. Because the photographing and video recording of probation officers might be unpopular with the subject, citizens in Circuits that have not addressed the issue still run the risk of retaliation, including arrest and incarceration, and threat of arrest, for engaging in these activities. Absent a formal holding from this Court that there is a robus First Amendment right to photograph or video record probation officers and their activities in public places, citizens run the devastating risk of self censoring and probation officers run the risk of misunderstanding citizens' constitutional rights.

For these reasons, the final Judgment entered in the instant case should be reversed because the district court erred as a

matter of law when finding qualified immunity on DeWitt's § 1983 claims. More specifically,

1. The district court erred as a matter of law when it failed to properly associate DeWitt's intended First Amendment audit with "**its** associated act" of taking photographs and video recording which is activity protected by the Constitution, which caused the district court to make a clearly erroneous finding that DeWitt's right to record in a public space is not clearly established.

2. The district court erred as a matter of law when it failed to apply Eleventh Circuit precedent and sidestepped its obligation to enforce applicable case law holding that the pretrial office in question is a public entity, which caused the district court to make a clearly erroneous finding that DeWitt's right to record in a public space is not clearly established.[5]

3. The district court erred as a matter of law when it failed to apply Eleventh Circuit precedent and sidestepped its obligation to enforce applicable case law holding that probation

---

[5] The pretrial office in question is a public building owned by the municipality of the State of Florida and is opened daily to the general public during its regular office business hours. On the day of the incident, there were no signs visibly posted on the outside or within the building which prohibited the recording of any kind. Nor did the office's up to date website page make mention of any specific rule or ordinance regarding the restriction on recording within its facility. Policies on restricted recording in a public building must be supported by a court Order, local State statute, or federal statute to which none existed on the office's premises on the date of July 21, 2021.

office Haney is a law enforcement personnel, which caused the district court to make a clearly erroneous finding that DeWitt's right to record in a public space is not clearly established.

Due to this, the main question presented here is therefore a straightforward one: to the extent it was proper for the district court to dismiss the Third Amended Complaint, was there a firm or legitimate basis in law or the evidentiary record to impose the final Judgment. **Or** did the District Judge simply **'rubber stamped'** the Magistrate Judge's proposed recommendation.

## ARGUMENT

I.    **THE DISTRICT COURT ERRED BY DISMISSING THE THIRD AMENDED COMPLAINT THEREFORE THE FINAL JUDGMENT SHOULD BE REVERSED AND REMANDED BECAUSE THE FACTUAL FINDINGS ON WHICH THE DISTRICT COURT BASED THAT DECISION ARE NOT SUPPORTED BY THE EVIDENCE IN THE RECORD OR APPLICABLE LAW**

DeWitt challenges the legality of the final Judgment entered of being in accordance with the law. DeWitt contends that the district court erroneously granted dismissal on the Third Amended Complaint concerning violation of First Amendment rights because qualified immunity did not apply. [App 68 at 2 and *5-9]. DeWitt crux his argument on a legitimate basis of the district court's manifest errors of fact, a misapplication of law, and a fundamental misunderstanding of the circumstances surrounding his claims. Id. at 1.

11

A.    **The district court erred when finding qualified immunity because the general activity of a First Amendment auditor is protected by the Constitution**

The U.S. Court of Appeals for the Eleventh Circuit recognize that the First Amendment protects film as a form of expression. See Toole v. City of Atlanta, 798 F. App'x 381, 387-88 (11th Cir. 2019)(finding "First Amendment right to record in public spaces") ; United States v. Hastings, 695 F.2d 1278, 1281 (11th Cir. 1983) (finding that the press generally has no right to information superior to that of the general public)(citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 609, 98 S. Ct. 1306, 55 L.Ed. 2d 570 (1978). By the logic of these cases, playing, posting, or distributing a film would be a form of constitutionally protected speech.[6]

DeWitt begins his argument with the district court's finding in respect of a First Amendment auditor versus an act of taking photographs and video recording in a public space. In reaching qualified immunity, the district court determined that,

> In response to Defendants' motion, Plaintiff acknowledges that he mistakenly labeled his claim as one of "freedom of expression," but he re-asserts that his claim is based on the inability to record video in the office.

> . . .

---

[6] The First Amendment protects many forms of expressive activity, not just "pure speech" – books, newspapers, leaflets, and ralies. Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 89 S. Ct. 733, 21 L.Ed.2d 731 (1969). It also protects "symbolic speech" – nonverbal expression such as film whose purpose is to communicate ideas. Id.

12

> The Eleventh Circuit has recognized a First Amendment "
> right to gather information about what public officials
> do on public property, and specifically, a right to
> record matters of public interest." ... ... However, no
> court has yet recognized a right to conduct a "First
> Amendment audit" - the term used by Plaintiff.

Report and Recommendation, [App 62 at 9-11]. DeWitt contends that

the express activity of a First Amendment auditor is accompanied

with the taking of photographs or video recording, or both, and

is activity protected by the Constitution. [App 68 at 6].[7] He

also contends that the recorded evidence here adequately

demonstrates that the district court improperly separated the act

of taking photographs and video recording from it as being

associated with his intended audit when dismissing the Third

Amended Complaint.

Thereby, the district court failed to apply Eleventh Circuit

precedent and sidestepped its obligation to enforce applicable

case law holding that DeWitt's right to conduct a First Amendment

audit when in a public space is clearly established. See, e.g.,

Toole, 798 F. App'x at 381, 387-88. Here, the recorded evidence

---

[7] "First Amendment audits" are a phenomenon that occurs in
and around local government agencies across Florida and the
country. "Audits" involve private citizens videotaping or
otherwise on the fact of it recording an interaction with their
local government or the day-to-day activities of a government
official or employee inside city hall or **another government
building** that has a reasonable expectation of privacy that does
not violate federal or State law. While these audits may be
deemed intrusive or expressive in nature, an appropriately
conducted audit has guaranteed protection of the First Amendment
under the U.S. Constitution. See Tinker, id., supra.

demonstrates clear error of the district court on a question of law and fact. Horton, 941 F.2d at 1149, 1162. Therefore, because the erroneous finding here formed the basis for dismissal on the Third Amended Complaint, it should be **REVERSED** by the Court as inconsistent with the record facts relevant to presented claims.

      B.    **The district court erred when finding qualified immunity because DeWitt's 'right' to photograph and video record probation officer Haney and any occupant in reasonableness of expectation of privacy inside the pretrial office is clearly established**

          1.    **The pretrial office in question is not a private entity**

The Eleventh Circuit, the Ninth Circuit, and numerous courts of appeals around the country have held that taking photographs and video recording of things that are plainly visible or audible in public spaces in a constitutional right protected by the First Amendment. See Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994)(finding that plaintiff's interest in filming public meeting is protected by the First Amendment); Fordyce v. City of Seattle, 55 F.3d 436, 439 (9th Cir. 1995)(recognizing a "First Amendment right to film matters of public interest"); Lambert v. Polk County, 723 F. Supp. 128, 133 (S.D. Iowa 1989)("[I]t is not just news organizations ... who have First Amendment rights to make and display videotapes of events ...."); see also Thopmson v. City of Clio, 765 F. Supp. 1066, 1070-71 (M.D. Ala. 1991)(finding that city council's ban on member's attempt to record proceedings regulated conduct protected by the First Amendment).

14

In reaching qualified immunity, the district court found that "thus, the question is not whether DeWitt had a generalized or abstract right to conduct so-called 'First Amendment audits.' ... ... The question instead is whether DeWitt had a clearly established right to record video in a probation office's lobby without the office's permission." [App 71 at 4-5]. DeWitt argues that this is wrong for three reasons. First, the pretrial office in question is not a private entity. [App 68 at 2]. The evidence which sufficiently shows this fact and is decisive on this point comes through the information found on the pretrial office's CMS-Leon County website page which states:

> Office of Intervention and Detention Alternatives - Probation
>
> > The Probation Program is responsible for the supervision of clients who have been sentenced in the second judicial county and traffic court and to direct the toward successful completion of court ordered conditions and mandates in lieu of incarceration.
> >
> > **As a public entity,** providing services to the court, the program is charged with the following responsibilities:   ... ...

Office of Intervention & Detention Alternatives, cms.leoncountyfl.gov, Probation.

Second, on the day of the incident, DeWitt was given permission by supervisor Anthony Washington to record in the lobby area of the pretrial office in question. The evidence was

15

presented by DeWitt to the district court below. [App 45 at 7] and [App 68 at 4]. DeWitt argues that this evidence alone should have caused the district court to reject qualified immunity. "When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), the District Court **must** construe the Complaint in the light most favorable to the plaintiff, accept all of the factual allegations as true, and determine as to whether plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Peilage v. McConnell, 516 F.3d.1282, 1284 (11th Cir. 2008).

Third, and finally, the district court's finding is directly contrary to prior judicial rulings of the Eleventh Circuit in holding that the First Amendment protects the rights of citizens to photographs and video record in public spaces. See, e.g., Blackston, 30 F.3d at 117, 120. In light of Blackston, conducting a First Amendment audit at the pretrial office (which is a government building) need not be authorized by an employee of the office.

Here, DeWitt argues that the district court failed to apply Eleventh Circuit precedent and sidestepped its obligation to enforce applicable case law holding that the pretrial office is not a private entity, that DeWitt was given permission to record at the pretrial office on the day in question, and that DeWitt's right to record in a public space of a public building is clearly established, which demonstrates clear error of the district court

16

on several questions of law and fact on this issue. Collier, 177
F.3d at 1184-1193. Therefore, because the erroneous finding here
formed the basis for dismissal on the Third Amended Complaint, it
should be **REVERSED** by the Court as inconsistent with the record
facts relevant to presented claims.

### 2. Probation officer Haney is a public official and a law enforcement officer under federal and State statute

DeWitt also argues that his right to video record probation
officer Haney at the pretrial office on the day in question is
clearly established because all "U.S. parole and probation
officers are sworn public officials and law enforcement officers
working under the jurisdiction of the U.S. Federal Courts,"
Section 112.19, F.S. Moreover, see Smith v. City of Cumming, 212
F.3d 1332, 1333 (11th Cir. 2000)(finding that the "First
Amendment protects the right to gather information about what
public officials do on public property, and specifically, a right
to record matters of public interest"); see also Dunn v. City of
Fort Valley, 464 F. Supp. 3d 1347 (M.D. Ga. 2020)(finding "Dunn
engaged in an activity that is constitutionally protected" when
he was taking "pictures of public officials on public property").

The district court concluded that Smith was not sufficiently
clear to place an official on notice in light of Crocker, id.,
supra. [App 62 at 18-24] and [App 71 at 5-8]. The district court
also concluded that because Dunn is a district court case, it

17

cannot clearly establish the law. [App 71 at n.3]. DeWitt argues
that those findings are contrary to the obvious and undisputed
evidence that probation officer Haney is a sworn public official
and law enforcement personnel under federal and State statute,
and to the prior judicial ruling of the Eleventh Circuit held in
<u>Smith</u> that citizens have a First Amendment right to gather
information about what public officials do on public property,
and specifically, a right to record matters of public interest.
DeWitt contends that was his exact aim when attempting to audit
at the pretrial office on July 21, 2021. <u>See</u> again [App 58 at 3,
**<u>FIRST AMENDMENT AUDIT</u>**].

Because of this, and all of the above, the dismissal on the
Third Amended Complaint cannot stand.

## <u>CONCLUSION</u>

For the foregoing reasons, and those described by DeWitt,
the Court Should reverse dismissal of the Third Amended Complaint

18

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing Appellant's Brief has been furnished to all counsels for Defendants-Appellees on this 14th day of July, 2023.

Respectfully Submitted,

Steven R. DeWitt, pro se
2315 Jackson Bluff Road
Apt. 427-E
Tallahassee, FL 32304
(850) 765-9204

19

## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT (CIP)

Plaintiff-Appellant Steven R. DeWitt, proceeding pro se and pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, files this Certificate of Interested Persons and Corporate Disclosure Statement.

Appellant is not a publicly held corporation and has no parent corporations, affiliates, or subsidiaries with an interest in the outcome of this case. Other identifiable interested parties to the action are:

City of Tallahassee (Employer of Pretti, Sexton, and Painter)

Conner, Jessica C. (Attorney for Appellee Haney)

DeWitt, Steven R. (Appellant)

Fitzpatrick, Martin (Magistrate Judge)

Flood, Alyssa (Attorney for Appellee Haney)

Flood, Joseph R. (Attorney for Appellee Haney)

Haney, Ceressa (Appellee)

Painter, Jennifer M. (Attorney for Appellees Pretti and Sexton)

Pretti, Melanie (Appellee)

Sexton, Trent (Appellee)

Windsor, Allen (District Judge)

**Submitted by:**
Steven R. DeWitt, pro se
2315 Jackson Bluff Road
Apt. 427-E
Tallahassee, FL 32304



Retail

UNITED STATES
POSTAL SERVICE.

**G**

USPS GROUND ADVANTAGE™

US POSTAGE PAID

**$9.95**

Origin: 32301
07/14/23
1189920680-8

2 Lb 8.00 Oz
RDC 01

C007

SHIP
TO:
56 FORSYTH ST NW
ATLANTA GA 30303-2218

USPS TRACKING® #

9534 6117 6825 3195 6050 13

To: Clerk of the Court of Appeals
Eleventh Circuit Court of Appeals
56 Forsyth Street, N.W.
Atlanta, GA 30303

Steven R. DeWitt
2315 Jackson Bluff Road
Apt. 427-E
Tallahassee, Fl. 32304