*Loggervale v. County of Alameda et al.*
No. C20-4679-WHA-JCS

**Via e-filing only**

Hon. William Alsup
U.S. District Court
450 Golden Gate Ave.
San Francisco, CA 94102

April 28, 2023

Re:    ADR

Dear Judge Alsup:

As agreed during the April 26th hearing on Plaintiffs' administrative motion, the Parties submit this joint letter regarding further ADR efforts.

**Plaintiffs' position:**

This morning at 10am, the Parties had an introductory call with Ninth Circuit mediator Jonathan Westen. Defendants advised during the joint portion of the call that they are not prepared to engage in settlement negotiations at this time. It was later conveyed by Mr. Westen that the Defendants will not be prepared to negotiate any resolution until after certain meetings, which will not happen until mid-June at the earliest. This would suggest a July mediation if the parties decide to move forward with the Ninth Circuit program. Plaintiffs' counsel scheduled a follow-up call with Mr. Westen for Monday, May 1, 2023 at 11:00 a.m. to further discuss whether to schedule a mediation with the Ninth Circuit.

Plaintiffs are, as always, open to exploring resolution and are willing to schedule ADR sessions with either the Ninth Circuit, with a magistrate judge, or with a private ADR service. However, Plaintiffs have been given no indication that Defendants have any intention of making a good faith offer to resolve the matter. In light of the fact that the verdict came in on March 1st and Defendants *still* cannot engage in settlement discussions, Plaintiffs are pessimistic about informal resolution. While Plaintiffs are open to ADR if and when Defendants have any settlement authority, Plaintiffs do not wish to delay the resolution of any of the post-trial motions and ask that the Court maintain the current May 11th hearing date.

**Defendants' position:**

 During the April 28, 2023, assessment call with the Ninth Circuit mediator, Defendants advised that they are both willing and desirous of participating in a mediation, but that any such proceeding should be scheduled for after June 14 so that the County's Board and the joint risk

pools that the County participates in can provide direction on Defendants' mediation position prior to the mediation.  As discussed in Defendants' Declaration in Opposition to Plaintiffs' Administrative Motion (Dkt 275-1 at ¶ 13), the County's Board and the implicated risk pools must provide such direction.  In light of the Board and risk pools' pre-set meeting schedules, mid-June is the soonest that Defendants' counsel can reasonably obtain direction.  The mediator indicated after conferring with Plaintiffs' counsel, that Plaintiffs' counsel were unsure whether they wanted to proceed with mediation and if so, in what forum, and that Plaintiffs' counsel would provide an update to the mediator on Monday, after which time he would provide Defendants' counsel with an update.

Respectfully submitted,


*/s/ Joseph S. May*                              */s/ Kevin Gilbert*

Counsel for Plaintiffs                         Counsel for Defendants